IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA NICELY FALCONER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-03151 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, PHH Mortgage Corporation ("PHH"), files this Reply in response to the "Opposition to Defendant's Motion to Summary Judgement [sic]" (Doc. No. 32) filed by Plaintiff, Sandra Nicely Falconer ("Plaintiff").[1] Plaintiff initiated this declaratory-judgment action to dispute alleged accounting errors on her purchase-money loan. (Doc. No. 1-2, ¶ 10). The Court signed the parties' Joint Scheduling Order, which initially set the deadline to file dispositive motions on August 9, 2023. (Doc. No. 13). The Court eventually extended all existing deadlines by 30 days, and the new deadline to file dispositive motions was set for September 8, 2023. (Doc. No. 14).

PHH timely filed its Motion to Dismiss within the dispositive motion deadline. (Doc. No. 18). Plaintiff responded to the Motion to Dismiss, and PHH replied. (Doc. Nos. 20, 23). The Motion to Dismiss is pending.

PHH then timely moved for summary judgment under Rule 56 on August 31, 2023, subject to, and without waiving, the Motion to Dismiss. (Doc. No. 31). Plaintiff did not file her own

---

[1] PHH will respond to Plaintiff's "Cross-Motion for Summary Judgement [sic]" separately, though such motion was filed as part of the same document with Plaintiff's summary judgment response. (Doc. No. 32). PHH objects to Plaintiff's combination of two different and unrelated pleadings in the same document because such act violates this Court's Civil Procedures. *See* Civil Procedures 3(E) ("Counsel shall not combine two different and unrelated pleadings (motions, responses, replies, or exhibits) into he same electronically filed document.").

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**                                    **PAGE 1**

dispositive motion by September 8, 2023. Similarly, Plaintiff did not timely file a response to the Motion for Summary Judgment by September 21, 2023. *See* Civil Procedures 7(D) ("Unless otherwise ordered, counsel **must** respond to an opposed motion within 21 days from the date the motion is filed with the Clerk's Office.").

Without seeking leave of Court to file an untimely response, Plaintiff filed an untimely response to the Motion for Summary Judgment and a cross-motion for summary judgment. (*See generally* Doc. No. 32).² After unilaterally abandoning the bulk of her claims and leaving only her declaratory-judgment claim, Plaintiff now argues for the first time that the alleged accounting errors she disputes stem from two unauthorized loan modification agreements bearing forged or fraudulent signatures. (Doc. No. 32 at 8, 10). Plaintiff's response rests solely on unsworn pleadings and unsubstantiated and conclusory allegations that a fact issue exists on the alleged accounting errors. (*Id.*). In addition, she also appears—for the first time in this suit—to request quiet title relief and to seek to invalidate PHH's lien. (*Id.* at 1). Notwithstanding Plaintiff's untimely response, Plaintiff's response to the Motion for Summary Judgment fails to address two key issues:

- Plaintiff agreed to modify the loan twice, and she presented no controverting evidence to demonstrate that her signatures on the executed loan modification agreements were either fraudulent or forged.

- Plaintiff is not entitled to any relief, including her new request for quiet title, because all her claims lack merit.

For these reasons and the reasons explained in detail below, the Court should enter a judgment that Plaintiff take nothing on her claims against PHH and dismiss this lawsuit with prejudice.

---

² Plaintiff's response fails to allege good cause for her response over a week after the response deadline. (*See generally* Doc. No. 32). Accordingly, PHH respectfully requests this Court to decline to consider `Plaintiff's response. *See* Civil Procedures 7(G) ("Any motion, response, or reply filed after the time limits contained in these rules must be accompanied by a motion for leave to file that explains why the document was not timely filed. The Court will only grant a motion for leave to file a motion, response, or reply late if good cause is shown.").

## I.     RELEVANT FACTS

Plaintiff admits that she executed a promissory note in the original principal sum of $72,800. (Doc. No. 1-2, ¶ 7). She does not dispute that she executed a Deed of Trust at the time of origination. (*See generally* Doc. Nos. 1-2, 32). Based on the execution of these documents, Plaintiff agreed to timely repay her mortgage loan obligations. Despite this agreement, Plaintiff defaulted on her Loan for failing to pay the July 1, 2021 payment, and all subsequent payments. (Doc. No. 31 at Ex. A-6). Indeed, Plaintiff admits that she "ceased payments in July 2021." (Doc. No. 32 at 7).

Plaintiff filed this lawsuit solely to stop PHH from enforcing its rights and remedies under the Loan documents premised solely on allegations that she paid off the Note when the Note originally matured in 2018 and that PHH either improperly accounted for payments made under the Note or, alternatively, charged unauthorized costs and expenses to the Loan. (Doc. No. 1-2 at 7, 21). In her response, Plaintiff admits that she only asserts a declaratory-judgment claim against PHH and seeks declaratory and injunctive relief, actual damages, an accounting, and attorney's fees.**3** (Doc. No. 32 at 5–6, 8).

PHH has presented evidence conclusively establishing that Plaintiff's sole declaratory-judgment claim fails as a matter of law and that PHH is entitled to summary judgment. Specifically, PHH has demonstrated that Plaintiff modified her loan in 2015 and 2018. (Doc. No. 31 at Exs. A-4 & A-5). The latter modification changed the Note's maturity date to February 1, 2033. (*Id*. at Ex. A-5). In contrast, Plaintiff has not carried her burden of designating specific facts showing that there are any genuine issues of material fact on her declaratory-judgment claim. (*See generally* Doc. No. 32). Rather, she asserts that the signatures on the notarized loan modification agreements

---

[3] Plaintiff concedes that she has abandoned her claims for violations of the Texas Property Code and Texas Constitution, wrongful foreclosure, and attempted wrongful foreclosure. (*See* Doc. No. 32 at 5–6, 8).

are either fraudulent or forged without attaching any evidence to either refute any of PHH's summary-judgment evidence or support her conclusory allegations that appear in her responsive brief for the first time in this suit. (Doc. No. 32 at 5, 8). Moreover, she ignores and fails to address critical evidence presented by PHH. (*See generally* Doc. No. 32).

## II. ARGUMENTS AND AUTHORITIES

**A.  PHH Objects to Plaintiff's Untimely Response, and Plaintiff's Failure to File a Timely Response to the Motion for Summary Judgment Should Be Taken as a Representation of No Opposition**

PHH filed the Motion for Summary Judgment on August 31, 2023, (*see* Doc. No. 31), and Plaintiff's response to the Motion for Summary Judgment was due on September 21, 2023. *See* Civil Procedures 7(D). Plaintiff filed her untimely response to the Motion for Summary Judgment on September 29, 2023, without requesting an extension from PHH or obtaining leave of Court. (Doc. No. 32).

This Court's Civil Procedures regarding opposed motions are clear: "Failure to file a timely response shall be taken as an indication that the opposing party agrees to the motion and the relief requested." *See* Civil Procedures 7(D). Similarly, Rule 56(e)(3) of the Federal Rules of Civil Procedure authorizes this Court to grant summary judgment in favor of PHH based on undisputed facts. *See* FED. R. CIV. P. 56(e)(3). Given that Plaintiff failed to timely respond to the Motion for Summary Judgment, and this Court's Civil Procedures treat such failure as an agreement to the Motion for Summary Judgment and the relief requested therein, the Court should grant the Motion for Summary Judgment in favor of PHH and dismiss Plaintiff's claims and requested relief with prejudice.

**B.     Plaintiff Has Not Presented Any Controverting Evidence Demonstrating That Signatures on the Loan Modification Agreements Were Either Fraudulent or Forged**

In her response, Plaintiff argues that "all Exhibits . . . provided as evidence by Defendant are not documents in [sic] which she herself executed," contends that "she did not authorize, consent, nor have knowledge" of any loan modification, and declares that the "signatures are false, fraudulent, and forgeries." (Doc. No. 32 at 5, 8). On one hand, Plaintiff admits that she obtained the purchase-money loan that is the subject of this dispute and thus, PHH's origination documents are valid. (*See* Doc. No. 32 at 6; Doc. No. 31 at Exs. A-1 & A-2). On the other hand, Plaintiff claims that PHH extended the Loan's maturity date "without her consent or knowledge" because the Loan was allegedly "scheduled to mature in 2018." (Doc. No. 32 at 10). Plaintiff cannot have it both ways.

As an initial matter, PHH objects to Plaintiff's contention that her signatures on all of PHH's summary-judgment exhibits, including the loan modification agreements, are forged or fraudulent, because she has not pled this allegation in the Complaint.**4** (*See generally* Doc. No. 1-2). Nor has she presented any evidence to support this conclusory allegation. (*See generally* Doc. No. 32). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). In addition, Rule 9(b) requires Plaintiff to plead fraud and forgery allegations with particularity. *See* FED. R. CIV. P. 9(b); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). While Plaintiff attempts to couch her new fraud and forgery arguments in her response to the Motion for Summary Judgment, such arguments do not appear in the Complaint.**5** (*See generally* Doc. No. 1-2). Nor does she present

---

[4] PHH vigorously disputes Plaintiff's unfounded, baseless, speculative, scurrilous, and untimely claims of fraud and forgery.

[5] The deadline to amend pleadings passed long ago. *See* FED. R. CIV. P. 15(a)(1). To date, Plaintiff has not asked PHH for consent to amend the Complaint. FED. R. CIV. P. 15(a)(2). Nor has she obtained leave of Court to do so. *Id*.

any admissible evidence to support such arguments. (*See generally* Doc. No. 32). Under Rule 56(e)(3), the Court may grant summary judgment in favor of PHH if Plaintiff fails to properly support an assertion of fact or fails to properly address PHH's assertion of fact as required by Rule 56(c). *See* FED. R. CIV. P. 56(e)(3). Consequently, summary judgment is warranted here, because Plaintiff has not presented any controverting evidence to refute PHH's summary-judgment evidence.

Plaintiff admits that she has already utilized standard discovery procedures during the course of this lawsuit. (Doc. No. 32 at 4). She nevertheless deliberately chose to not request any evidence to support her newfound allegations of fraud and forgery. Plaintiff could have tried to support her fraud and forgery contentions with an affidavit or declaration. FED. R. CIV. P. 56(c)(4). She did not do so. (*See generally* Doc. No. 32). Plaintiff could have also elicited deposition testimony from a handwriting expert to testify about the inauthenticity of her purported signatures on any of PHH's exhibits. *See, e.g.*, *Morrison v. Weyerhaeuser Co.*, No. CIV.A. H-03-1033, 2004 WL 1945347, at *6 (S.D. Tex. Apr. 13, 2004), *aff'd*, 119 F. App'x 581 (5th Cir. 2004) (relying on the testimony of a handwriting expert to support that a document was falsified). She did not do that either. (*See generally* Doc. No. 32). Finally, Plaintiff could have deposed PHH's corporate representative as another means to seek evidence in preparation for arguing at the summary-judgment stage. *See, e.g.*, *Vanderbilt Mortg. & Fin., Inc. v. Flores*, 747 F. Supp. 2d 794, 825 (S.D. Tex. 2010) (considering borrower's and corporate witness's deposition testimony as summary-judgment evidence on issue concerning allegedly forged and falsely notarized documents). Like the other possible standard discovery options available to Plaintiff, Plaintiff chose not to do so. (*See generally* Doc. No. 32).

Instead, Plaintiff lodges unpled, conclusory allegations of forgery and fraud and relies on all of PHH's summary-judgment evidence to support her claims. (*See* Doc. No. 32 at 5). Plaintiff herself has not attached any controverting evidence demonstrating that the signatures on any of PHH's summary-judgment exhibits were false, fraudulent, or forged. (*See generally* Doc. No. 32). On this ground, the Court should grant summary judgment in favor of PHH, because Plaintiff has not carried her burden of supporting her declaratory-judgment claim based on her unpled theories of fraud and forgery. *See* FED. R. CIV. P. 56(e)(3).

In any event, PHH has presented evidence demonstrating that Plaintiff modified the Loan on two separate occasions and extended the Note's maturity date. First, Plaintiff signed the Home Affordable Modification Agreement on September 30, 2015, and such signature was notarized. Accordingly, Plaintiff's signature was under penalty of perjury. (Doc. No. 31 at Ex. A-4). In addition, Plaintiff executed the Loan Modification Agreement on February 10, 2018, and likewise her signature was also made before a notary. (Doc. No. 31 at Ex. A-5). Under the terms of the Loan Modification Agreement, "Borrower promise[d] to make monthly payments of principal and interest of U.S. $748.56, beginning on 01/01/2018 and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full." (Doc. No. 31-1 at 54, ¶ 3). The Loan Modification Agreement expressly states that the "new Maturity Date will be 02/01/2033." (*Id*. at 54, ¶ 1). Notably, Plaintiff expressly agreed that the Loan Modification Agreement was "not a new loan from lender but simply the modification of the existing obligations under the Loan Documents." (Doc. No. 31-1 at 57, ¶ 13).

Finally, Plaintiff's own admission that she made payments on the Loan through 2021 is consistent with the terms of the Loan Modification Agreement. (Doc. No. 31-1 at 54, ¶ 1; Doc.

No. 32 at 7). Indeed, Plaintiff does not sufficiently explain why she continued paying on the Loan until 2021 if she reasonably believed that her Loan matured in 2018. (Doc. No. 32 at 7).

Because Plaintiff requested and received two loan modifications, she is required to pay all sums due under the terms of the Note, as modified. *Id*. But Plaintiff admits that she has not paid on the Note since 2021. (Doc. No. 32 at 7). Thus, there is no genuine dispute as to any material fact as to Plaintiff's dispute of the accounting on the Loan, and Plaintiff cannot carry her burden of establishing that PHH improperly applied any payments or charged any unauthorized costs and expenses to her Loan.

C.     **Plaintiff Is Not Entitled to the Equitable Relief of Accounting**

Plaintiff contends that she is entitled to accounting relief, because "Plaintiff has no actual knowledge of the execution of any documentation nor execution of a mortgage loan modification." (Doc. No. 32 at 10). In the Motion for Summary Judgment, PHH established that Plaintiff is not entitled to accounting relief, because she has not demonstrated that: (1) this case is complex, (2) Plaintiff is unable to seek relief through standard discovery procedures, and (3) the equitable remedy is immediately available. (Doc. No. 31 at 11–14).

The underlying facts of this case are not complex, but Plaintiff attempts to explain the allegedly complex nature of the case are based on new unpled theories of allegedly fraudulent or forged signatures on the loan modification agreements. (*See generally* Doc. No. 32). This is a futile attempt to add color to Plaintiff's threadbare and conclusory request for accounting relief. Each of Plaintiff's new allegations and claims should be disregarded, because they are improperly raised for the first time in her response, and because they are raised without any supporting evidence.

The Fifth Circuit strongly discourages parties from asserting new claims and allegations which are not raised in the complaint but, rather, raised first the first time in response to a motion for summary judgment. *See, e.g.*, *Jones v. Wells Fargo Bank, N.A.*, 858 F.3d 927, 935 (5th Cir.

2017) (declining to consider a claim and new allegations that were not raised in live complaint but, rather, raised only in reason to motion for summary judgment); *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *United States ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 498–99 (5th Cir. 1998) (agreeing with the district court that plaintiffs did not plead a joint-ownership copyright claim and holding the district court did not abuse its discretion in denying a plaintiff leave to amend to add a joint ownership claim); *Garza v. City of La Porte*, 160 F. Supp. 3d 986, 993 (S.D. Tex. 2016) (holding state-law claims raised by the plaintiff for the first time in his motion for summary judgment were not properly before the court since "a party cannot use a motion for summary judgment to raise new claims").

Accordingly, Plaintiff cannot amend her pleadings by adding new allegations or theories of recovery solely in her response to the Motion for Summary Judgment. *See id*. Plaintiff's conclusory allegations that her case is complex are neither entitled to the presumption of truth nor sufficient to establish that she is entitled to accounting. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Fatal to her request for equitable relief is Plaintiff's failure to address, among other things, the required showing that she was unable to seek relief through standard discovery procedures. (*See generally* Doc. No. 32). Notably, her response contradicts that she is unable to obtain relief through standard discovery procedures, because her response refers to an informal discovery

request and admits that she requested a document from PHH on March 10, 2023. (Doc. No. 32 at 4). PHH produced the document requested by Plaintiff on March 13, 2023. (Doc. Nos. 20, 23). Thus, by Plaintiff's own account, she can obtain, and has already obtained, adequate relief at law through the use of standard discovery procedures. Therefore, her claim for accounting is now moot. Similarly, Plaintiff's request for accounting as an equitable remedy is unavailable, because her underlying declaratory-judgment claim fails. Therefore, PHH is entitled to summary judgment as a matter of law. *See, e.g.*, *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012).

### D. Plaintiff Is Not Entitled to Her Relief on Her Unpled Request for Quiet Title

Plaintiff appears to improperly convert her declaratory-judgment action to a quiet-title action by asking this Court to "issue Plaintiff clear and unencumbered title, free from any liens." (Doc. No. 32 at 1). As noted above, the Fifth Circuit prohibits parties from asserting new requests for relief in a responsive pleading without first amending one's operative complaint. *See Jones*, 858 F.3d at 935; *Cutrera*, 429 F.3d at 113; *see also Haenelt v. Carrington Mortg. Servs., LLC*, No. 4:20-CV-02650, 2022 WL 161331, at *3 (S.D. Tex. Jan. 18, 2022), *appeal dismissed sub nom. Haenelt v. Carrington Mortg. Servs., L.L.C.*, No. 22-20085, 2022 WL 3367828 (5th Cir. June 9, 2022) (Hanen, J.) (granting summary judgment on purported quiet-title claim, because Plaintiff failed to plead a cause of action in complaint and only raised a new theory of recovery in response to a motion for summary judgment); *Pena v. Saul*, No. 7:19-CV-0005, 2019 WL 8223588, at *2 (S.D. Tex. Dec. 26, 2019), *report and recommendation adopted*, 2020 WL 1234281 (S.D. Tex. Mar. 13, 2020) (stating that "[t]he rule forbidding new claims at the summary judgment stage is only strictly applied to claims raised in *response* to a summary judgment motion"). Here, the requested relief to invalidate PHH's valid and enforceable lien exceeds the relief requested in the

Complaint, because Plaintiff has not any requested that the Court quiet title or otherwise invalidate PHH's lien. (*See generally* Doc. No. 1-2).

Although the Court has discretion to consider the assertion of a new claim, allegations, or relief in a motion for summary judgment as a motion for leave to amend a complaint, Plaintiff's purported amendment lacks any allegations or evidence to establish a prima-facie case for quiet title.[6] *See La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 141 F.Supp.3d 681, 701 (S.D. Tex. 2015) ("A response to a motion for summary judgment raising a new claim may be treated as a motion to amend the complaint and, if the applicable standard is met, may be granted."). Plaintiff can only recover on a quiet-title claim by establishing the strength of her own title; attacking the weakness of PHH's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

As shown *supra* in Section II(B), Plaintiff has not established the strength of her own title to the Property, because the loan modification agreements cited in support of the Motion for Summary Judgment conclusively establish that Plaintiff agreed that the Note's maturity date would be extended until 2033. (Doc. No. 31 at Exs. A-4 & A-5). Given that PHH has presented evidence demonstrating that Plaintiff has not paid on the Loan for more than two years—an undisputed fact based on Plaintiff's admission that she "ceased payments in July 2021"—the Court should deny Plaintiff's request for quiet-title relief. (Doc. No. 31 at Ex. A, ¶ 12; Doc. No. 32 at 7).

---

[6] PHH respectfully requests that this Court deny Plaintiff's request for "leave to amend her Complaint," because amendment would be futile in light of Plaintiff's late filing of her response to the Motion for Summary Judgment, her failure to attach any controverting evidence to her responsive brief, and the closure of the discovery period on July 9, 2023. (Doc. Nos. 13 & 14).

### E. Plaintiff Is Not Entitled to Declaratory and Injunctive Relief, Damages, or Attorney's Fees

In her response, Plaintiff contends that she is entitled to declaratory and injunctive relief for "Defendant's failure to account for payments made on the Note or, alternatively, Defendant charging unauthorized costs and fees." (Doc. No. 1-2, ¶¶ 13–15, 21–22, Prayer). As demonstrated *supra* in Section II(B), there are no genuine issues of material fact relating to any unauthorized charges. *See supra* Section II(B). Notably, Plaintiff's response to the Motion for Summary Judgment fails to address any alleged unaccounted for payments. (*See generally* Doc. No. 32). A request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. However, given the absence of any viable substantive claim, Plaintiff is not entitled to declaratory or injunctive relief. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, n.3 (5th Cir. 1996); *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170–71 (5th Cir. 1990); *Green v. Amerihome Mortg. Co., LLC*, No. 4:20-CV-0153, 2020 WL 2106692, at *4 (S.D. Tex. Apr. 16, 2020), *report and recommendation adopted*, No. CV H-20-153, 2020 WL 2104639 (S.D. Tex. May 1, 2020).

For the first time in this suit, Plaintiff requests actual damages "in the form of mortgage payments which exceeded passed [sic] the alleged maturation date of the mortgage loan," along with "exemplary damages." (Doc. No. 32 at 1, 11). Although Plaintiff vaguely pleads for "$250,000 or less" in actual damages in the Complaint, Plaintiff has not established any viable claims to support an award for actual damages. (Doc. No. 1-2 at 11, ¶ 4).

Finally, Plaintiff's response fails to address PHH's argument regarding Plaintiff's critically flawed request for attorney's fees. (Doc. No. 23 at 11). Nevertheless, Plaintiff's request for attorney's fees fails, because her request is premised on an unviable declaratory-judgment claim.

*See Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 377 (5th Cir. 2021); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

### III. CONCLUSION

This case is straightforward, notwithstanding Plaintiff's efforts at obfuscation. Plaintiff sued to stop PHH's foreclosure proceedings after admittedly defaulting on a loan she had agreed to modify on two occasions. Instead of prosecuting this action in accordance with the Federal Rules and this Court's Civil Procedures and utilizing available discovery mechanisms, Plaintiff chose to file a late responsive brief replete with conclusory and unsubstantiated allegations premised on unpled and scurrilous theories of fraud and forgery. Above all, she chose to present no evidence whatsoever to support such unpled theories. Plaintiff's choices are insufficient to carry her heavy summary-judgment burden. Therefore, PHH respectfully requests that the Court grant the Motion for Summary Judgment, deny Plaintiff's request for leave to amend the Complaint, dismiss all of Plaintiff's claims with prejudice, and deny all of Plaintiff's requests for relief. PHH also requests that the Court award PHH all other relief, at law and in equity, to which it is justly entitled.

Respectfully submitted,

/s/ *Helen O. Turner*
**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
S.D. Texas Bar No. 9529
rmowrey@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
S. D. Texas Bar No. 1046257
mkhansen@lockelord.com
**Vincent J. Hess**
Texas Bar No. 09549417
S.D. Texas Bar No. 20194
vhess@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Helen O. Turner**
Texas Bar No. 24094229
S.D. Texas Bar No. 2924121
helen.turner@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**COUNSEL FOR DEFENDANT
PHH MORTGAGE CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 5, 2023, a true and correct copy of the foregoing document was delivered to the following *via ECF* consistent with the Federal Rules of Civil Procedure.

Courtney A. Vincent
Minnesota Bar No. 0403083
S.D. Bar No. 3746531
info@vincentlawpllc.com
VINCENT LAW, PLLC
1035 Dairy Ashford Road, Suite 145
Houston, Texas 77079-4608
P.O. Box 940129
Houston, Texas 77094
Telephone: (713) 223-9300
Facsimile: (832) 603-4444

*Counsel for Plaintiff*

                                                */s/ Helen O. Turner*
                                                Counsel for Defendant