Case 4:22-cv-03151   Document 37   Filed on 02/27/24 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 27, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA NICELY FALCONER, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03151 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORDER

Pending before the Court is Defendant PHH Mortgage Corporation's ("PHH" or "Defendant") Motion to Dismiss. (Doc. No. 18). Plaintiff Sandra Nicely Falconer ("Falconer" or "Plaintiff") responded in opposition. (Doc. No. 20). PHH replied. (Doc. No. 23). PHH also filed a Motion for Summary Judgment subject to, and without waiving, its Motion to Dismiss. (Doc. No. 31). Plaintiff filed an "Opposition to Defendant's Motion to Summary Judgement [sic] and Cross-Motion for Summary Judgement [sic]." (Doc. No. 32). PHH replied in support of its Motion for Summary Judgment (Doc. No. 33) and responded to Plaintiff's Cross-Motion. (Doc. No. 34).

### I. Background

Plaintiff originally filed this action in state court to stop Defendant from foreclosing on property located at 3611 Lancaster Walk Drive, Houston, Texas 77066.[1] Plaintiff states in her Original Petition that she "reasonably believes that Defendant has not properly accounted for all payments made or, alternatively, has posted charges or expenses that are not authorized by law." (Doc. No. 1-2 at 12). She requests "a true and accurate accounting of all payments made" and

---

[1] Plaintiff apparently conveyed this property to Sania Nembhard, Remus Nembhard, Sarah McFarquhar, and Jacob Seales by Warranty Deed in 2018. (Doc. No. 4-1 at 11; Doc. No. 18-1 at 22). Defendant claims that this conveyance breached the terms of the Deed of Trust. (Doc. No. 18 at 9).

injunctive relief halting the foreclosure sale. (*Id.*). Further, she asserts a claim for wrongful foreclosure and requests a declaratory judgment "that Defendant's attempts to foreclose the Property without first obtaining a court order authorizing the same is an impermissible violation of the Texas Constitution." (*Id.* at 14). The state court entered an *ex parte* Temporary Restraining Order halting the foreclosure sale on September 2, 2022. (Doc. No. 4-1). PHH then removed the action to this Court. (Doc. Nos. 1, 4). Defendant filed a Motion to Dismiss (Doc. No. 18) and a Motion for Summary Judgment (Doc. No. 31). Plaintiff included a cross-motion for summary judgment in her response, and Defendant filed a response. (Doc. No. 32).

## II. Legal Standard

### A. Motion to Dismiss

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

2

*Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### B. Motion for Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

#### A. Defendant's Motion to Dismiss

Defendant moves to dismiss each of Plaintiff's claims for failure to state a claim upon which relief can be granted. (Doc. No. 18). Plaintiff concedes that she does not have a claim for violation of the Texas Property Code "because it does not provide her with a private right of action and that Texas law does not recognize a cause of action for attempted wrongful foreclosure." (Doc. No. 20 at 6). Additionally, Plaintiff concedes that her claim under the Texas Constitution fails "because the statute she cites is inapplicable[.]" (*Id.*). These claims are, therefore, **DISMISSED**. Based on Plaintiff's Original Petition, the only remaining claim is for a declaratory judgment in the form of an equitable accounting. Given that Defendant also moved for summary judgment on Plaintiff's equitable accounting claim, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss as to that claim. (Doc. No. 18). The Court will proceed to rule on Plaintiff's equitable accounting claim while considering Defendant's pending Motion for Summary Judgment. (Doc. No. 31).

#### B. Defendant's Motion for Summary Judgment

##### a. Equitable Accounting

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Krakowski v. Shrieve Chem. Prods., LLC*, No. CV H-20-194, 2020 WL 5351321, at *6 (S.D. Tex. Aug. 19, 2020), report and recommendation adopted, No. CV H-20-194, 2020 WL 5350285 (S.D. Tex. Sept. 4, 2020) (citations omitted). In her

response[2] to Defendant's Motion for Summary Judgment, Plaintiff claims that "it is clear that the Complaint raises equitable accounting as either a cause of action, a remedy, or both." (Doc. No. 32 at 10).

### i. Cause of Action

To state an equitable accounting claim as a cause of action, a plaintiff must "show that the facts and accounts of the case are so complex that only a court of equity can satisfactorily unravel them." *Krakowski*, 2020 WL 5351321, at *6 (citation omitted) (internal quotation marks omitted). Moreover, "when a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." *Id.* (citing *Brown v. Cooley Enters., Inc.*, No. 3:11-CV-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011)) (internal quotation marks omitted). Defendant argues that it is entitled to summary judgment on Plaintiff's equitable accounting claim because this case is not complex, and that Plaintiff has not identified efforts she has made to obtain relief through standard discovery procedures. (Doc. No. 18 at 16). Defendant points out, for example, that Plaintiff "does not identify how regular monthly or annual statements did not provide the information needed to provide an accounting." (*Id.* at 17). In response, Plaintiff asserts the following:

> Plaintiff does not speculate that PHH has not "properly accounted for all payments made or, alternatively, has posted charges or expenses that are not authorized by law." (Complaint, ¶ 10). Rather, Plaintiff staunchly persists that the accounting errors by Defendant is the cause for the loan maturation date being extended, without her consent or knowledge, and that this is the sole cause for the loan not maturing, as Plaintiff asserts, when it was scheduled to mature in 2018.

---

[2] Defendant points out that Plaintiff did not file a timely response to its Motion for Summary Judgment. Plaintiff's response was filed on September 29, 2023, more than 21 days after Defendant's Motion was filed on August 31, 2023. *See* Local Rule LR7.3. Plaintiff did not seek leave to file her response after the deadline, as required by this Court's procedures. Nonetheless, since no ruling was issued at that time, the Court will consider Plaintiff's response (Doc. No. 32).

5

(Doc. No. 32 at 10).

Plaintiff further contends that she "has no knowledge of the execution or documentation nor execution of a mortgage loan modification." (*Id.*). Essentially, Plaintiff appears to argue (for the first time, in her response to Defendant's Motion for Summary Judgment) that accounting errors "added" an additional loan to her mortgage, "in the form of a modification, which she did not authorize, consent, or have knowledge." (*Id.* at 8). She therefore asks this Court to find a fact issue in support of her equitable accounting claim because of the matter's "complexity." Plaintiff did not allege a fraud claim in her Original Petition, nor did she plead any facts to suggest that any documents related to the loan were forged. Moreover, she has not presented any evidence in her response to support such an allegation, nor has she provided any evidence that might cause a court to see the need for an accounting. On the other hand, Defendant has presented evidence to support its argument that Plaintiff herself modified the loan "on two separate occasions and extended the Note's maturity date." (Doc. No. 33 at 7; Doc. No. 31-1 at 34-35, 58-59). The most recent Loan Modification Agreement, signed by Falconer in 2018, changed the Note's maturity date to February 1, 2033. (Doc. No. 31-1 at 54). Given the lack of evidence supporting Plaintiff's allegations and the Court's determination (based on the records offered by Defendant) that the facts and accounts in this case are not "so complex that a court of equity must unravel them," the Court hereby grants Defendant's Motion for Summary Judgment as to Plaintiff's equitable accounting claim. (Doc. No. 31).

### ii. Remedy

Plaintiff further contends that she is "entitled to request accounting as a remedy" because whether accounting is appropriate as a remedy must "await the determination of the liability issues, which arise[] only if the case goes to trial, and it is determined that damages are owed." (Doc. No.

6

32 at 10). The Court has granted summary judgment dismissing Plaintiff's final cause of action. As a result, there are no remaining causes of action to which an equitable accounting could be a remedy. Plaintiff's requests for additional declaratory and injunctive relief and attorney's fees are similarly denied because Plaintiff has no remaining viable substantive claims.

Accordingly, and for the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED** (Doc. No. 31).

### C. Plaintiff's Cross-Motion for Summary Judgment

Plaintiff included a cross-motion for summary judgment in her response to Defendant's motion for summary judgment. (Doc. No. 32). Plaintiff asserts that she is entitled to summary judgment on her equitable accounting claim because she is entitled to the "presumption of truth." (Doc. No. 32 at 9). Under *Celotex*, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323 (internal quotation marks omitted). Plaintiff has failed to adequately inform the Court of the basis of her cross-motion. Moreover, the Court has granted Defendant's Motion for Summary Judgment (Doc. No. 31), which undercuts Plaintiff's assertion that she is entitled to summary judgment on her equitable accounting claim simply because she "strongly professes" that "improper accounting ha[s] been made upon her mortgage loan[.]" (Doc. No. 32 at 9).

Plaintiff also apparently requests that the Court issue her "clear and unencumbered title, free from any liens which the Defendant asserts to hold upon the real property." (Doc. No. 32 at 1). This request exceeds the relief requested in the Original Petition. (Doc. No. 4-1). Assuming (in

7

a charitable reading) that Plaintiff is attempting to state a quiet title claim, Defendant has supported its rights with regard to the property with evidence, while Plaintiff has not brought forth any evidence which supports her claim of title. Defendant has presented evidence showing that Plaintiff has not tendered the amounts required to cure her default. (Doc. No. 31-1 at 5). Plaintiff admits that she ceased making payments on the loan in July 2021. (Doc. No. 32 at 7). Moreover, in her Original Petition, she judicially admits to transferring the property to her "heirs" in 2018 ("Plaintiff deeded…the property to her heirs Sania Nembhard, Remus Nembhard, Sarah McFarquhar, and Jacob Seals [sic] and they are the owners of the real property located at 3611 Lancaster Walk Dr. Houston, Texas 77066-4104"). (Doc. No. 4-1 at 11). That being the case, her own pleadings undermine her request that the Court vest title in her. "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (citation omitted).

Viewed in a different light, one might consider Plaintiff's cross-motion as an attempt to amend her pleadings. Nonetheless, the Court denies Plaintiff's apparent attempt to add a quiet title claim because she can have no possible cause of action to quiet title based on her judicial admissions, and the arguments and evidence presented to the Court.[3]

---

[3] Plaintiff also generally requested leave to file an amended complaint "that sufficiently meets the standards of the Rules of Procedure and this Court." (Doc. No. 32 at 12). For the reasons stated above, this request is denied.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** (as moot) Defendant's Motion to Dismiss. (Doc. No. 18). The Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 31) and **DENIES** Plaintiff's Cross-Motion for Summary Judgment. (Doc. No. 32).

Signed at Houston, Texas, on this the 27th day of February, 2024.

Andrew S. Hanen
United States District Judge